**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KORY HUNZIKER,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>D. ADAMS, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. CV-F-03-6069 OWW DLB P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE DENIED<br><br>[Doc. 46] |

I.　Procedural History

　　　Plaintiff Kory Hunziker ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed November 2, 2004, against defendants Adams, Yates, Espinosa and Cuevas for supervisory liability and against Jennings, Cunningham and Burnias for failing to protect plaintiff from serious harm, in violation of the Eighth Amendment. On July 11, 2005, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b) and 12(b)(6), defendants Espinosa and Yates filed a motion to dismiss on the ground that plaintiff failed to exhaust the available administrative remedies and that the complaint should be dismissed as to defendants Adams, Cuevas, Espinosa and Yates because plaintiff has failed to state cognizable claims upon which relief can be granted. Plaintiff filed an opposition on August 1, 2005 and defendants replied on August 5, 2005.

II.     Motion to Dismiss for Failure to Exhaust Administrative Remedies

    A.     <u>Legal Standard</u>

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. <u>Porter v. Nussle</u>, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001). Exhaustion must occur prior to filing suit. <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, <u>et</u> <u>seq.</u> "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." <u>Id</u>. at 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." <u>See</u> Cal. Code Regs. tit 15, § 3084.5.

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. <u>Wyatt</u>, 315 F.3d at 1119 (citing <u>Ritza v. Int'l Longshoremen's & Warehousemen's Union</u>, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. <u>Wyatt</u>, 315 F.3d at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. <u>Id</u>.

    B.     <u>Discussion</u>

Plaintiff filed the amended complaint on November 2, 2004, and it is proceeding on his claims

that defendants Adams, Yates, Cuevas and Espinosa, in their capacities as supervisory personnel, implemented an ineffective integration policy of releasing known gang affiliates into the general population which caused plaintiff's serious injuries in violation of his rights under the Eighth Amendment.

In the motion to dismiss, defendants Espinosa and Yates argue they are entitled to dismissal because plaintiff failed to exhaust. These defendants concede that plaintiff filed an inmate appeal against defendants Adams, Cuevas, Jennings, Cunningham and Burnias and that this appeal was denied at the Director's level. However, they contend that plaintiff has not filed any inmate appeals against them (Espinosa and Yates) and therefore has not exhausted the inmate appeals process as to the claims against them. In support of their contentions, defendants submit the Declaration of N. Grannis, the Chief of the Inmate Appeals Branch. Mr. Grannis states that plaintiff filed one inmate appeal, log no. SATF - 03-00623, to the Director's Level regarding defendants Adams, Burnias, Cuevas, Cunningham and Jennings' alleged deliberate indifference to his safety and failure to protect which he alleges resulted in an attack on him on November 29, 2002, and that these defendants failed to implement policies which would prevent these attacks from occurring. Declaration of N. Grannis in Support of Defendants' Motion to Dismiss, ¶ 9. Mr. Grannis states that this appeal was denied at the Director's Level on February 4, 2004. *Id.* Mr. Grannis further states that plaintiff has not filed an appeal at the third level alleging that either defendant Yates or Espinosa was involved in the implementation of the policies that he alleged resulted in his injuries on November 29, 2002. *Id.* at ¶ 10. Mr. Grannis attaches a copy of appeal log no. SATF -03-00623 with a copy of the Director's Level decision to his declaration. *Id.*, Attachment 1. Mr. Grannis also attaches the Inmate Appeals Branch log of all appeals submitted to the Director's Level by plaintiff. *Id.*, Attachment 2.

In his opposition, plaintiff contends that the exhaustion requirement has been satisfied as to all defendants. Plaintiff contends that he intended to include defendants Espinosa and Yates in his inmate appeal as "subordinate administrative officials" but he did not know their names at the time he filed the appeal. He thereafter became aware of their names before filing this action.

Satisfaction of the exhaustion requirement does not require that inmates draft grievances with the precision of an attorney, laying out every fact, identifying every defendant by name, and identifying

3

which constitutional rights were violated by which actions or omissions. Identification in the inmate appeal of each defendant by name is not necessary for exhaustion to occur. Butler v. Rianda, 387 F.3d 1181, 1183 (9th Cir. 2005). The touchstone that has been applied by this court is whether the plaintiff has, using the administrative appeal process provided by the Department of Corrections, placed prison officials on notice as to the facts at issue in his claim against the defendants.

In this action, plaintiff alleges that defendants Burnias, Cunningham and Jennings failed to protect him from a physical attack by Fresno Bulldog inmates on November 29, 2002. Plaintiff further alleges that defendants Adams, Cuevas, Espinosa and Yates implemented an ineffective integration policy of placing known gang affiliates into the general population, which caused his serious injuries. Although plaintiff did identify defendants Yates or Espinosa by name in the appeal, plaintiff was not required in the appeal form to name every involved party. Plaintiff availed himself of the administrative process when he completed the appeal form and set forth the facts therein that form the basis of his claims in this action. In his appeal, plaintiff claimed that the administration, "failed to implement policies which would prevent further attacks from occurring." He also asserted that "[t]he action and inaction of the Warden and the Administration on C-Yard is directly responsible for the ongoing pattern of violence here on C-Yard at SATF/SP Corcoran." In light of the Ninth Circuit's decision in Butler, the court finds that plaintiff's inmate appeal was sufficient to grieve his claims against defendants Espinosa and Yates. Butler, 397 F.3d at 1183.

III. Defendants' Motion to Dismiss for Failure to State a Claim

    A. Legal Standard

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). The federal system is one of notice pleading. Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983

4

actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.

A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. Discovery and summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious claims." Id. at 512. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

B.    Discussion

The court has a statutory duty to screen complaints in cases such as this and dismiss any claims that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A. Given this requirement, the court is disinclined to view with favor a subsequent motion to dismiss for failure to state a claim. The instant motion is no exception.

Defendants argue that plaintiff's allegations against Warden Adams, Chief Associate Warden J. Yates; Associate Warden B. Espinosa; and Captain Cuevas fail to state any claim upon which relief may be granted because they cannot be held liable under a theory of vicarious liability and there is no casual connection between their conduct and plaintiff's alleged constitutional violation. Defendants argue that plaintiff has failed to allege any facts showing that these defendants directly participated in

the modified release of the inmates or that the reintegration policy was ineffective thereby leading to his assault and injury.

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To show a prima facie case of supervisory liability, plaintiff must allege facts indicating that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or implemented a policy "so deficient that the policy itself is a repudiation of constitutional rights" and is "the moving force of the constitutional violation." Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Defendants Adams, Cuevas, Espinosa and Yates are supervisory personnel.

Plaintiff alleges these defendants implemented an ineffective integration policy of known gang affiliates into the general population despite their knowledge of the ongoing pattern of violent assaults which ultimately led to and caused plaintiff's serious injuries. As discussed, the federal system is one of notice pleading and a motion to dismiss is not the appropriate procedure to dispose of unmeritorious claims. Plaintiff's allegations against defendants Adams, Espinosa, Yates and Cuevas are sufficient to meet the minimal notice pleading standard. Whether or not plaintiff will ultimately prevail on these claims is not at issue. Plaintiff's pleadings clearly put defendants on notice of the claims against them.

IV.  Conclusion

Based on the foregoing, the court HEREBY RECOMMENDS that defendants' motion to dismiss, filed July 11, 2005, be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may

waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

     IT IS SO ORDERED.

     **Dated:**    **November 29, 2005**                   **/s/ Dennis L. Beck**
3b142a                                               UNITED STATES MAGISTRATE JUDGE