# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORY HUNZIKER,. | CV F 03 6069 OWW DLB |
| Plaintiffs, | ORDER DENYING PLAINTIFFS' MOTION FOR PROTECTIVE ORDER |
| v. | (Document 89 ) |
| D. ADAMS, et al., | |
| Defendants. | |

## **BACKGROUND**

Plaintiff Kory Hunziker ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed November 2, 2004, against defendants Adams, Yates, Espinosa and Cuevas for supervisory liability and against Jennings, Cunningham and Burnias for failing to protect plaintiff from serious harm, in violation of the Eighth Amendment.

On January 12, 2006, defendants noticed plaintiff's deposition for February 23, 2006. On January 26, 2006, plaintiff filed a motion for appointment of counsel. The Court denied plaintiff's motion on January 30, 2006. On February 8, 2006, plaintiff filed a motion for protective order requesting that he be relieved from attending his deposition until counsel is appointed. Defendants filed an opposition to the motion for protective order on February 10, 2006.

1       As the Court advised plaintiff in its order denying the motion for appointment of counsel,
2   the United States Supreme Court has ruled that district courts lack authority to require counsel to
3   represent indigent prisoners in § 1983 cases.  <u>Mallard v. United States District Court for the</u>
4   <u>Southern District of Iowa</u>, 490 U.S. 296 (1989).  In certain exceptional circumstances, the court
5   may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Without a
6   reasonable method of securing and compensating counsel, this court will seek volunteer counsel
7   only in the most serious and exceptional cases.

8       In the present case, the court does not find the required exceptional circumstances.  Even
9   if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations
10  which, if proved, would entitle him to relief, his case is not exceptional.  This court is faced with
11  similar cases almost daily.  .

12      Upon motion by a person responding to a discovery request, and for good cause shown,
13  the court may "make any order which justice requires to protect a party or person from
14  annoyance, embarrassment, oppression, undue burden or expense."  Fed. R. Civ. P. 26(c).  To
15  obtain a protective order, the party resisting discovery or seeking limitations thereon must show
16  "good cause" for its issuance.  The moving party must make a clear showing of a particular and
17  specific need for the order.  *Blankenship v. Hearst Corp.*  519 F.2d 418, 429 (9th Cir. 1975); *Foltz*
18  *v. State Farm Mut. Auto Ins. Co.*, 331 F. 3d. 1122, 1130 (9th Cir. 2003)["broad allegations of
19  harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26 ©
20  test."]

21      Here, plaintiff seeks a protective order precluding his deposition until counsel is
22  appointed.  As discussed, this case does not present th required circumstances for appointment of
23  counsel.  Plaintiff provides no further basis for the granting of a protective order.  Because
24  plaintiff has failed to demonstrate good cause for an order precluding his deposition, his motion
25  for protective order is DENIED.

26      IT IS SO ORDERED.

27     Dated:    __February 14, 2006__         __**/s/ Dennis L. Beck**__
   3c0hj8                                       UNITED STATES MAGISTRATE JUDGE
28