UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORY HUNZIKER,<br><br>                Plaintiff,<br><br>    v.<br><br>D. ADAMS, et al.,<br><br>                Defendants. | CV F- 03-6069 OWW DLB P<br><br>ORDER RE PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS<br>[DOC #62] |

## I.   Background

Plaintiff is a prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983.  This action is proceeding on plaintiff's amended complaint, filed November 2, 2004, against defendants Adams, Yates, Espinosa and Cuevas for supervisory liability and against Jennings, Cunningham and Burnias for failing to protect plaintiff from serious harm, in violation of the Eighth Amendment.  Pending before the court is plaintiff's motion to compel production of documents by defendants Burnias, Cunningham and Jennings.

In the complaint, plaintiff alleges that Jennings, Cunningham and Burnias failed to protect him from physical abuse in violation of the Eighth Amendment on November 29, 2002 when they intentionally and deliberately released two known gang affiliates of the Fresno Bulldogs into the day room who were armed with home made weapons.  Plaintiff contends that he

and another white inmate were attacked, violently assaulted and stabbed repeatedly.

On November 17, 2005, plaintiff filed the present motion to compel seeking documents which were withheld by defendants as privileged. The following categories of documents are at issue:

(1)   Informal Inquiry of staff misconduct and other inmates medical and disciplinary attachments to Crime Incident Log No. SATF 03-02-11-0378.

(4)   Post Orders;

(5)   D.O.M. Section 55010, Resource Supplement 8 - Alarm Response;

(8)   Confidential Program Status Report.

Defendants contend these documents are privileged under California Penal Code Section 823.5, and California Government Code Section 6254 and are protected from disclosure by the privacy rights of staff and other inmates. Defendants also contend that disclosure would jeopardize the safety and security of the institution, staff and inmates.

**II.   Legal Standard**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides as follows:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter . . . . The information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

In federal question cases, privileges asserted in response to discovery requests are determined under federal law, not the law of the forum state. Fed. R. Evid. 501; United States v. Zolin, 491 U.S. 554, 562 (1989); Kerr v. United States District Court for the Northern District of California, 511 F.2d 192, 197 (9th Cir. 1975). Federal common law recognizes a qualified privilege for official information, also known as the governmental privilege, or state secret privilege. Kerr v. United States District Court for the Northern District of California, 511 F.2d 192, 198 (9th Cir. 1975). The application of the official information privilege is "contingent upon the competing interests of

1 the requesting litigant and subject to disclosure especially where protective measures are taken." Id.

2 Federal Courts ordinarily recognize a constitutionally-based right of privacy that can be
3 raised in response to discovery requests. See Breed v. United States Dist. Ct. for Northern District,
4 542 F.2d 1114, 1116 (9th Cir.1976) (balancing the invasion of minor's privacy rights against the
5 court's need for ward files); Johnson by Johnson v. Thompson, 971 F.2d 1487, 1497 (10th Cir.1992),
6 *cert. den*. 507 U.S. 910, 113 S.Ct. 1255, 122 L.Ed.2d 654 (1993) (denying discovery of names of
7 participants in a medical study due to privacy interests of the individual participants); Cook v.
8 Yellow Freight Sys., Inc., 132 F.R.D. 548, 550-51 (E.D.Cal.1990) (balancing targeted individual's
9 right of privacy against public's need for discovery in employment discrimination case).

10 **III.    Discussion**

11 The document entitled "Informal Inquiry of Staff Misconduct" is relevant to plaintiff's claims
12 and is therefore discoverable.  The balance of hardships tips in plaintiff's favor for a limited
13 disclosure, subject to the conditions of this order and for use only in this litigation.  Defendants shall
14 produce redacted versions of the documents to plaintiff pursuant to the terms of this order.

15 Plaintiff's request for documents relating to "other inmates medical and disciplinary records"
16 is vague and overbroad and violative of the privacy rights of the "other inmates."  The Court fails to
17 see the relevance of these documents and without more detail from plaintiff as drafted the request
18 must be denied.

19 Plaintiff's request for "Post Orders" appears to cover documents which, if produced could
20 endanger the safety and security of the institution and persons within the institution.  Because
21 plaintiff has failed to establish the relevancy of this document, this request is denied.

22 Defendants represent that the document entitled "D.O.M. Section 55010, Resource
23 Supplement 8- Alarm Response" sets forth in detail the institutional response to emergencies and
24 alarms; it states who is to respond to a given alarm, as well as the location of staging areas.  Plaintiff
25 again makes no argument regarding the relevancy of this document and given the potential security
26 and safety risks to the institution, the Court denies this request.

27 Similarly, plaintiff makes no showing regarding the relevancy of "Confidential Program
28

1  Status Reports." Defendants represent that these are reports of violence committed by some inmates
2  against others. The Court sees no relevance of such reports to the claims or defenses in this case.

**IV.    Order**

Based on the foregoing, plaintiff's motion to compel is HEREBY GRANTED in part. Defendants are HEREBY ORDERED to produce the documents entitled "Informal Inquiry of Staff Misconduct" to plaintiff within 10 days of this order subject to the following:

1. Defendants shall redact any and all personal information including but not limited to social security numbers, home addresses, telephone numbers, family information and background information of defendants or any other CDC employees or inmates who are not parties to this action.

2. The documents shall be disclosed only to plaintiff representing himself in this action; Court personnel and stenographic reporters engaged in such proceedings as are incidental to the preparation for the trial in this action; witnesses to whom the documents may be disclosed during or in preparation for a deposition taken in this matter or otherwise during the preparation for trial and trial, provided that the witness may not leave any deposition with copies of any of the documents, and shall be informed and agree to be bound by the terms of this order.

3. Plaintiff shall not make copies of the confidential material except as necessary for purposes of this litigation.

4. The documents in plaintiff's possession shall be destroyed or returned to the CDC within 20 days of the time it is no longer needed for purposes of this litigation.

IT IS SO ORDERED.

Dated:   May 30, 2006                    /s/ Dennis L. Beck
3b142a                                UNITED STATES MAGISTRATE JUDGE